#### HILL et al. v. SHEFFIELD.

(Supreme Court, Appellate Term. May 27, 1909.)

1. CONTRACTS (§ 280*)—EMPLOYMENT OF ARCHITECT—COMPENSATION.

Where one, ignorant of the rule that drawings and specifications are the property of the architect, employed an architect to prepare plans for the alterations of a building, the architect could not recover for his services without a delivery of the drawings.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 280.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONTRACTS (§ 316*)—EMPLOYMENT OF ARCHITECT—COMPENSATION.

Where an architect, employed to prepare plans for a building, insisted that the plans were his property and refused to deliver them, the fact that there had been a prior delivery only for the purpose of inspection, followed by a return of the drawings to the architect, and the fact that the architect had been told to keep the plans until a future time, did not establish a waiver of a delivery, essential to a recovery for the services.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frederick P. Hill and another against Justus P. Sheffield. From a judgment for plaintiffs, entered on a verdict, and from an order denying a motion to set aside the verdict, defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Walter C. Shoup (Walter D. Hamilton, of counsel), for appellant.
Marshall S. Hagar, for respondents.

LEHMAN, J. The plaintiffs, a firm of architects, have recovered a judgment for the sum of $250 for professional services rendered to the defendant in the preparation of plans for alterations at his country home. It appeared at the trial that these alterations were abandoned by defendant, and that plaintiff had then sent the defendant a bill, which he refused to pay; but he wrote to the plaintiff:

"I am willing to pay you $200 in full settlement, in addition to your expense bill of $12.50, provided that I receive all drawings, work in the preparation for which is charged for in your bill already rendered."

The plaintiffs answered this letter, stating in part:

"There is another matter about which you are in error, namely, the ownership of the drawings. We inclose our schedule of charges, with the three paragraphs marked which are applicable to this case. Our schedule is based on the rules and practice of the American Institute of Architects. We therefore very positively refuse your offer to pay us $200, and also refuse to send you the drawings."

The defendant thereupon wrote the plaintiffs:

"With respect to the printed basis of charges which you so kindly inclose, I may simply remark that it would have been more pertinent if it had been delivered to me before the work was done, instead of after. I had no knowledge of any such basis of charges, and am not at all interested in the rates established by the American Institute of Architects, or any one else, or any other rates with which I have no acquaintance. The printed details which you inclose seem to be drawn with the design of leaving the client as much at the mercy of the architect as possible. To require a person to pay $425, or any other sum, for the privilege of having a firm of architects make drawings for their own benefit, which they retain, is too silly for discussion."

These letters closed the correspondence, and clearly show the attitude of the parties to this controversy. The plaintiffs are a well-known firm of architects, and have naturally accepted the rule of the Institute of Architects referred to in their letter, which states:

"Drawings and specifications as instruments of service are the property of the architect."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907.to date, & Rep'r Indexes

While it may well be that, where both parties know this rule and make their contract in contemplation thereof, the drawings do really remain the property of the architect, and he can recover for his services, even though he refuse to deliver the drawings to his client, yet in this case, where the client was shown at the trial never to have employed an architect before, and to have been ignorant of this rule, the drawings are his property under the contract by which he employed the architects, and they cannot recover for their services unless they deliver the drawings to him.

At the trial their counsel practically conceded that this was the law, and took no exception to the judge's charge directing the jury to find for the defendant if they believe that the plaintiffs refused to deliver the drawings or failed to deliver them without a waiver. The plaintiffs rely for proof of their cause of action upon the fact that they did make a delivery early in the winter to the defendant; but it appears that this delivery was only for the purpose of inspection, and that the drawings were returned to the architects. In view of their subsequent declarations, they cannot now claim that this delivery was ever intended to pass title. They also claim that the defendant was at one time offered part of the plans, and replied, "Keep these here until we are ready," and that these words constituted a waiver which relieved them from the need of delivery. It may be that these words did relieve them of the need of offering to deliver, but only if they continued to hold the plans as bailees of the defendant. They have, however, distinctly and specifically claimed in their letters that they were holding as owners. Even at the trial, one of the plaintiffs testified frankly that the defendant cannot have these plans at any time to keep, because they are only instruments of service. The plaintiffs certainly cannot recover for the preparation of plans belonging to another and which they refuse to give up.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.